IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PASSMORE )<br>      Plaintiff )<br>)<br>vs. )<br>)<br>RAYMOND SOBINA, et al., )<br>)<br>      Defendants. ) | C.A.No. 08-303 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case and terminate all pending motions.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, an inmate within the state correctional system, filed this civil action on October 30, 2008, by filing only a motion for temporary restraining order without an accompanying complaint.

In a telephonic hearing held on November 12, 2008, regarding the motion for temporary restraining order, Plaintiff was warned that he must file an actual complaint in this matter as soon as possible, as well as supporting documentation for his pending motion for leave to proceed in forma pauperis. Plaintiff was directed to file both by December 12, 2008, or risk dismissal of this case for failure to prosecute.

As of today's date, Plaintiff has failed to file a complaint.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis

1

v. State Farm Fire and Casualty Correctional Officer., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case and terminate all pending motions.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
                                    SUSAN PARADISE BAXTER
                                    CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2009